UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE J. WINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01916 ERW |
| ) | |
| JAMES KRAMER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Amended Motion to Dismiss of Defendants James Kramer, Leslee Tate, David Walls, and Jeffrey Hunnius [doc. #23].

### I. BACKGROUND AND PROCEDURAL HISTORY

On January 18, 2006, a St. Louis County Grand Jury returned an indictment against Plaintiff Dwayne J. Wingo ("Plaintiff"), charging him with two counts of robbery, two counts of armed criminal action, and one count of resisting arrest. After a trial held from April 6, 2009 to April 9, 2009, a jury returned a guilty verdict against Plaintiff on one count of robbery and the count of resisting arrest. Following the resolution of Plaintiff's post-trial motions – none of which is important for the Court's purposes here – the trial court sentenced Plaintiff and entered its final judgment against him on July 31, 2009. Plaintiff filed a Notice of Appeal on August 7, 2009.[1]

Plaintiff asserts a number of civil rights violations in connection with his initial arrest and detention in December 2005. Specifically, Plaintiff alleges that he was held at the St. Louis

---

[1] The Court takes judicial notice of the sentencing and the filing of the notice of appeal. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (permitting judicial notice of Missouri court dismissal of a suit because court records in Missouri are "public records" and public records are subject to judicial notice).

County Justice Center for longer than twenty-four hours without a warrant and without being charged with a crime, because Defendant Detective Leslee Tate ("Tate") falsely represented that a warrant had issued for Plaintiff's arrest. Plaintiff also alleges that while he was detained, Defendants David Walls ("Walls") and Jeffrey Hunnius ("Hunnius") – also St. Louis County detectives – interrogated him without first giving him a *Miranda* warning and continued to question him after he requested an attorney. Finally, Plaintiff claims that Defendant Captain James Kramer ("Kramer") forced him to participate in an identification lineup by threatening to apply pepper spray to his face and threatening to make him participate in the lineup while strapped to a chair.

Plaintiff asserts claims for monetary relief against Kramer, Tate, Walls, and Hunnius under 42 U.S.C. § 1983 for violations of his constitutional rights.[2]

## II. DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed based upon the doctrine of federal abstention. Plaintiff contends that abstention is unwarranted because the state court has already imposed a sentence.

---

[2] This is the second time Plaintiff has brought these claims before this Court. *See Wingo v. St. Louis County*, 2007 WL 4378140 (E.D. Mo. 2007). Plaintiff filed that substantially identical civil rights action after his arrest but before his trial, and this Court abstained and dismissed Plaintiff's complaint, stating:
> [I]f the Court were to award Plaintiff damages for his claims, such ruling would implicate the validity of any conviction that results from the pending state trial. As this suit would call into question the validity of a conviction, it is only appropriate where a plaintiff has "first achieve[d] favorable termination of his available state, or federal habeas" appeals or where a plaintiff is not found guilty in the pending state proceedings. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). As Plaintiff has not yet been tried, abstention is appropriate at this time.

*Id.* at *2. Plaintiff re-filed those claims as the present action in December 2008 with the following comment: "Missouri 3-year Statute of Limitations will run-out on or about 12/11/2008. Therefore, Plaintiff refiles this Complaint."

The Supreme Court has created several categories of federal abstention. *Younger v. Harris* is the leading case defining one of those categories: the abstention of federal courts when asked to enjoin a pending state proceeding. 401 U.S. 37, 40-41 (1971). Plaintiff is not asking the Court to enjoin the state criminal proceeding against him, however; Plaintiff seeks damages under 28 U.S.C. § 1983 for the constitutional violations he alleges. Thus, Plaintiff is correct that *Younger* is inapplicable.

That said, Plaintiff still faces a barrier to recovery, as *Younger* does not provide the only circumstance in which federal court abstention is warranted. Abstention may also be appropriate in § 1983 actions if the plaintiff's allegations of constitutional violations cast doubt on the validity of the state court conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

If the Court were to award Plaintiff damages for his claims, the Court's ruling would implicate the validity of Plaintiff's state court conviction. The Court notes that the failure to conform to the twenty-four-hour holding limit in Mo. Rev. Stat. § 544.170 does not necessarily invalidate a conviction. *See State v. Ard*, 11 S.W.3d 820, 827 (Mo. Ct. App. 2000) (so holding with respect to the prior twenty-hour rule). However, findings in Plaintiff's favor on that claim, and on his constitutional claims alleging *Miranda* violations, violations of his right to counsel, and improper threats in eliciting his confession, would necessarily call into question Plaintiff's state court conviction. *See, e.g.*, *State v. Barriner*, 210 S.W.3d 285, 299 (Mo. Ct. App. 2006) (confession obtained through use of improper coercion or threats of violence is involuntary and

3

requires reversal of conviction unless error in admitting it was harmless) (internal citations omitted).

Because a judgment in Plaintiff's favor would call into question the validity of his criminal conviction, the Court may only consider Plaintiff's claims after he has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) (citing *Heck*, 512 U.S. 477). Plaintiff was found guilty in the state court proceedings and has not terminated his available state appeals and federal habeas opportunities, and the Court therefore concludes that abstention is appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Motion to Dismiss of Defendants James Kramer, Leslee Tate, David Walls, and Jeffrey Hunnius [doc. #23] is **GRANTED**.

Dated this 4th Day of December, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE